UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

XIUHONG T.,

      Petitioner,

      v.

KRISTI NOEM, et al.,

      Respondents.

No. 1:26-cv-01333-TLN-CSK

**ORDER**

This matter is before the Court on Respondents' Motion for Partial Reconsideration of the Scope of Injunction. (ECF No. 13.) Respondents assert the Court's Order granting Petitioner's Petition for Writ of Habeas Corpus *may* conflict with the statutory requirements under 8 U.S.C. § 1231(a) ("§ 1231(a)"). (*Id.* at 1.) Respondents note the Order states "Respondents are ENJOINED and RESTRAINED from rearresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder," but the Order does not address whether the hearing requirement applies if a final order of removal has issued. (*Id.* at 1–2.) Respondents request the Court add additional proposed language, which they believe will assure the efficient execution of a final order of removal. (*Id.* at 2.) Respondents note that on March 26, 2026, Petitioner failed to appear for her

1

immigration court hearing and was ordered removed *in absentia*.  (*Id.*)  Respondents contend Petitioner now has an administratively final order of removal and has not filed a motion to appeal.[1]  (*Id.*)

However, Respondents still do not present the Court with any facts or situation in which a final order of removal cannot be completed consistent with the Court's prior Order (ECF No. 11). Respondents only present the Court with a *hypothetical* situation in which a final order of removal cannot be completed because the Court's Order requires a pre-deprivation hearing before a neutral fact-finder.  Respondents' hypothetical assumes both that a final order will be entered and that the statutory process for such orders cannot be executed consistent with the Court's Order.  In the event that such a situation arises, Respondents may seek a modification or clarification of the Order.  Until such time, however, the Court declines to make any modifications to its prior Order (ECF No. 11).  Accordingly, the Court DENIES Respondents' Motion for Reconsideration.  (ECF No. 13.)

IT IS SO ORDERED.

Date: April 20, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

---

[1]    The Court also notes that an appeal is due by April 27, 2026.

2